UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE, #228524,

        Plaintiff,

v.                                          CASE NO. 5:13-CV-14428
                                             HONORABLE JOHN CORBETT O'MEARA

UNITED STATES DISTRICT COURTS OF
MICHIGAN, UNITED STATES GOVERNMENT,

        Defendants.
_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING COMPLAINT**

**I.    Introduction**

Michigan prisoner Mark White ("Plaintiff"), currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a pro se civil rights complaint, as well as an application to proceed without prepayment of the $350.00 filing fee (and without payment of the $50.00 administrative fee) for this action. *See* 28 U.S.C. § 1915(a)(1). In his complaint, Plaintiff challenges the validity of the federal three strikes provision, 28 U.S.C. § 1915(g), and asserts a violation of his due process and equal protection rights. He names the United States District Courts of Michigan and the United States Government as the defendants in this action. He seeks injunctive and equitable relief. Having reviewed the matter, the Court denies the application to proceed without prepayment of fees or costs and dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

**II.    Discussion**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The

statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

The Court's records reveal that Plaintiff has filed at least three prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See, e.g., White v. Caruso,* No. 1:08-CV-00080 (W.D. Mich. Feb. 14, 2008); *White v. Caruso*, No. 1:08-CV-10057 (E.D. Mich. March 17, 2008); *White v. Sixth Circuit Ct.*, No. 2:95-CV71764 (E.D. Mich. June 23, 1995). Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]

To fall within the statutory exception to the three strikes rule, a prisoner must allege that the

---

[1] Plaintiff has also previously been denied permission to proceed without prepayment of the filing fee due to his three-strike status. *See White v. Heyns, et al.*, No. 5:13-CV-12104 (E.D. Mich. May 24, 2013); *White v. Correctional Medical Svs., Inc.*, No. 1:10-CV-1082 (W.D. Mich. May 11, 2011).

threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception. *Id*. Plaintiff does not allege any facts which indicate that he is under imminent danger of serious physical injury. Plaintiff does not sue any medical personnel. And the circumstances giving rise to his complaint, which concerns his ability to proceed in federal court without prepayment of required filing fees, do not indicate a threat of imminent danger of serious physical injury. Plaintiff has failed to show that he falls within the exception to the three strikes rule. Consequently, he is not allowed to proceed without prepayment of the filing fee for this action.[2]

### III. Conclusion

Based upon the foregoing discussion, the Court concludes that Plaintiff has filed at least three previous lawsuits which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted and that he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court **DENIES** Plaintiff's application to proceed without prepayment of fees or costs and **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee and the $50.00 administrative fee.

---

[2] The Court further notes that the United States Court of Appeals for the Sixth Circuit has specifically upheld the constitutionality of the PLRA's "three-strikes" rule. *See Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998) (holding that the rule does not violate due process, equal protection, or the right of access to the courts, and is not a bill of attainder or ex post facto legislation); *see also Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*).

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

**IT IS SO ORDERED**.


s/John Corbett O'Meara
United States District Judge


Date:  October 25, 2013




I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 25, 2013, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager